IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DOROTHY JACKSON,

                Plaintiff,

v.

JO ANNE B. BARNHART,
Commissioner, Social Security
Administration,

                Defendant.

1:05-cv-2979-WSD

## OPINION AND ORDER

This is an employment discrimination action filed by Plaintiff Dorothy Jackson ("Plaintiff") against Defendant Jo Anne B. Barnhart, Commissioner of the Social Security Administration ("Defendant"). It is before the Court on the Magistrate Judge's Report and Recommendation [4] on Defendant's Motion to Dismiss or, Alternatively, for Summary Judgment [3]. In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a careful, de novo review of the portions of the Magistrate Judge's Report and Recommendation to which Plaintiff has objected. The Court has reviewed the remainder of the Magistrate Judge's Report and Recommendation for plain error. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

**I.     BACKGROUND**

    A.     Factual Background

The Magistrate Judge's Report and Recommendation ("R&R") includes a detailed discussion of the relevant facts throughout the opinion. Finding no plain error, the Court adopts them as set out in the R&R.

    B.     Procedural History

Plaintiff filed her Complaint on November 21, 2005, alleging that her employer, the Social Security Administration ("SSA"), discriminated against Plaintiff on the basis of her race when it denied Plaintiff's request to work from home in March 2001. On May 15, 2006, Defendant moved to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) because Plaintiff did not comply with the administrative requirement that she contact an EEO counselor in a timely manner. Plaintiff did not file a response to Defendant's motion to dismiss. See L.R. 7.1B, N.D.Ga. ("Failure to file a response shall indicate there is no opposition to the motion.").

On June 19, 2006, the Magistrate Judge issued her R&R, recommending the Court grant Defendant's Motion to Dismiss. Despite not having filed a response to

Defendant's Motion to Dismiss, on June 29, 2006, Plaintiff filed her Objection to the R&R ("Plaintiff's Objection") [5].

## II. DISCUSSION

### A. The Magistrate Judge's R&R

Defendant argues that Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction because Plaintiff failed to contact an EEO counselor in a timely manner. Because failure to exhaust administrative remedies does not require dismissal for lack of subject matter jurisdiction, the Magistrate Judge found Plaintiff's Complaint is not subject to dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Instead, the Magistrate Judge concluded Plaintiff's failure to seek EEO counseling within the required forty-five (45) days after the alleged discriminatory act is grounds for dismissal pursuant to Rule 12(b)(6) for failure to state a claim.

### B. Plaintiff's Objection

Plaintiff alleges the SSA discriminated against her based on her race when it denied her request to work from home in March 2001. (Pl.'s Objection at 3.) Plaintiff does not dispute that she first contacted an EEO counselor on January 16, 2004. (Id. at 5.) Plaintiff, however, argues this contact was timely because on

December 10, 2003, Plaintiff first became aware "that Defendant had allowed a Caucasian employee to work from home to accommodate an injury while denying her similar request . . . ." (Id.) Because Plaintiff contacted an EEO counselor within forty-five days of her discovery that Defendant permitted a Caucasian employee to work from home, Plaintiff argues she contacted an EEO counselor in a timely manner. Plaintiff argues the Magistrate Judge erred because she "should have applied the regulations set forth in 29 C.F.R. 1614.105(a)(2) to the instant matter. This section provides that Plaintiff's contact is timely when made within forty-five days of when Plaintiff became aware or reasonably should have become aware of the Defendant's discriminatory conduct." (Id. at 6.)

As an initial matter, the Court notes the Magistrate Judge could not consider the argument presented in Plaintiff's Objection because Plaintiff failed to file a response to Defendant's Motion to Dismiss. However, the Court will consider the merits of Plaintiff's objection.

A federal employee must exhaust all of her administrative remedies before litigating Title VII discrimination claims in federal court. See 29 C.F.R. § 1614.105(a); Brown v. Gen. Servs. Admin., 425 U.S. 820, 832 (1976). The

administrative exhaustion requirement includes 29 C.F.R. § 1614.105(a), which provides:

> (a) Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age or handicap must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter.
>
> > (1) An aggrieved person must initiate contact with a Counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action.
> >
> > (2) The agency or the Commission shall extend the 45-day time limit in paragraph (a)(1) of this section when the individual shows that he or she was not notified of the time limits and was not otherwise aware of them, that he or she did not know and reasonably should not have [] known that the discriminatory matter or personnel action occurred, that despite due diligence he or she was prevented by circumstances beyond his or her control from contacting the counselor within the time limits, or for other reasons considered sufficient by the agency or the Commission.

The plain language of the administrative regulation at issue provided Plaintiff forty-five (45) days from the alleged discriminatory act -- the denial of her request to work from home -- to contact an EEO counselor. Plaintiff argues she was not

required to contact an EEO counselor within forty-five (45) days of the March 2001 denial of her request to work from home because she was not aware that Defendant "would allow a Caucasian employee under similar circumstances to work from home after having denied Plaintiff's request." (Pl.'s Objection at 9.) Plaintiff claims 29 C.F.R. § 1614.105(a)(2) applies here and compels the conclusion that Plaintiff contacted an EEO counselor in a timely manner after discovering Defendant's allegedly discriminatory motive.

Plaintiff does not provide any legal authority to support her theory that the triggering event for contacting an EEO counselor was her discovery of the alleged discriminatory motive behind Defendant's denial of her request to work at home. The relevant legal authority uniformly holds that "[t]he time period for contacting the EEO counselor begins to run from the date of the discrete employment action alleged to be discriminatory, not from the date of discovery of improper motivation." Fausto v. Reno, 955 F. Supp. 286, 292 (S.D.N.Y. 1997). This legal authority is consistent with the plain language of the applicable administrative regulation. Plaintiff's argument would indefinitely extend a plaintiff's ability to bring suit and the Court is not persuaded by it.

In Pacheco v. Rice, 966 F.2d 904 (5th Cir. 1992), the Fifth Circuit decided a case with similar facts. In Pacheco, the plaintiff argued the time for notifying an EEO counselor of his claim did not begin to run until he learned his employer had allegedly treated a Caucasian employee more favorably than him. Plaintiff claimed he "did not perceive that the circumstances surrounding his discharge were discriminatory until he discovered this disparate treatment." Id. at 906. The court determined the time for contacting an EEO counselor began to run at the time of the alleged discriminatory employment action. "To allow plaintiffs to raise employment discrimination claims whenever they begin to suspect that their employers had illicit motives would effectively eviscerate the time limits prescribed for filing such complaints." Id.; see also Hogan v. United States, No. Civ.A. 99-868, 1999 WL 1138529, at *7-8 (E.D. La. Dec. 7, 1999) (rejecting plaintiff's argument that time for contacting an EEO counselor began to run when plaintiff was told a similarly situated employee had been treated differently and he realized his discharge was discriminatory).[1]

---

[1] The Court also notes that even if Plaintiff did timely contact her EEO counselor, it is questionable whether her complaint, on its face, alleges a prima facie case of race discrimination. A plaintiff establishes a prima facie case of race discrimination under Title VII by showing that 1) she belongs to a racial minority; 2) she was subjected to an adverse job action; 3) her employer treated similarly

In this case, Plaintiff admits she was aware of the relevant employment action taken by Defendant at the time it occurred in 2001.  That Plaintiff claims she was not aware that the action was motivated by discriminatory animus until three years after it occurred is not material.  Because Plaintiff failed to contact an EEO counselor within the required forty-five days after her request to work at home was

---

situated employees outside her classification more favorably; and 4) she was qualified to do the job.  Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)).  "[T]he plaintiff must show that [her] employer treated similarly situated employees outside [her] classification more favorably than herself. . . . [and] that [s]he and the employees are similarly situated in all relevant respects."  Holifield, 115 F.3d at 1562.  Plaintiff's Complaint merely makes a blanket allegation that her former co-worker is similarly situated to her.  The Complaint states that the co-worker, "similar to Plaintiff, was employed by Defendant . . . as a Program Analyst" and that the co-worker was a "similarly situated Caucasian employee."  (Complaint, at ¶¶ 12, 22.)  No information is given regarding the former co-worker's physical condition or disability after the accident, the respective duties of the co-worker and Plaintiff, or the reasons given for the co-worker being permitted to work at home and Plaintiff not being permitted.  Plaintiff's mention of one white employee who was allowed to work from home after being injured, without explanation as to how Plaintiff and the co-worker are similarly situated in all relevant respects, strains the requirements of the McDonnell Douglas standard for showing a prima facie case of racial discrimination, and this Court doubts the viability of Plaintiff's claim even if it were timely.

-8-

denied, Plaintiff's objection to the Magistrate Judge's R&R is OVERRULED and the Court adopts the R&R in its entirety.[2]

## III. CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Magistrate Judge's Report and Recommendation in its entirety. Accordingly, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED** with prejudice.

**SO ORDERED** this 24th day of August, 2006.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[2] The Court further finds no basis for application of traditional equitable tolling principles.